Case 4:13-cv-00781 Document 31 Filed in TXSD on 10/21/16 Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
October 21, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PAUL JOSEPH ZEEDYK, (TDCJ-CID #1608279) | § § § § |
| Petitioner, | § § |
| VS. | § CIVIL ACTION NO. H-13-0781 |
| LORIE DAVIS, | § § § § |
| Respondent. | § |

# ORDER

The petitioner, Paul Joseph Zeedyk, sought habeas corpus relief under 28 U.S.C. § 2254, challenging his 2009 state felony conviction for felony driving while intoxicated, third offense. On March 12, 2014, this court granted the respondent's motion for summary judgment and dismissed Zeedyk's petition on the merits.

Zeedyk's Rule 60(b) motion asks this court to reopen the judgment and grant him relief on his sufficiency-of-evidence claim. He argues that there was insufficient evidence to support the deadly weapon finding on his driving while intoxicated conviction. He argues that he is not challenging his conviction and that he is actually innocent as to the deadly weapon finding. (Docket Entry No. 30).

Zeedyk moved for relief from the judgment under the "catchall provision" of Rule 60(b). *Solis v. Dretke*, 436 F. App'x 303, 306 (5th Cir. 2011). The Fifth Circuit has "consistently held that relief under [section] 60(b)(6) is mutually exclusive from relief under sections (1)-(5)." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 643 (5th Cir. 2005).

Rule 60(b)(6) is "an extraordinary remedy" because "'[t]he desire for a judicial process that is predictable mandates caution in reopening judgments.'" *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998) (quoting *Bailey v. Ryan Stevedoring Co., Inc.*, 894 F.2d 157, 160 (5th Cir. 1990)). Rule 60(b)(6) motions "will be granted only if extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002).

Zeedyk argues that he is entitled to relief under Rule 60(b)(6) because this court overlooked his challenge to the sufficiency of the evidence as to the deadly weapon finding. In its order granting the respondent's motion for summary judgment, this court dismissed Zeedyk's sufficiency of the evidence claim because it was procedurally barred. Alternatively, this court found that Zeedyk's challenge to the sufficiency of the evidence lacked merit. (Docket Entry No. 13, pp. 31-32).

To the extent that Zeedyk asks this court to reopen its judgment based on the strength of his sufficiency-of-the-evidence claim, he has not shown a basis for relief. *McMillian v. MBank Fort Worth, N.A.*, 4 F.3d 362, 367 (5th Cir. 1993). An appeal, not a Rule 60(b)(6) motion, is the appropriate vehicle to challenge a district court's judgment on the merits. *See Diaz v. Stephens*, 731 F.3d 370, 377-78 (5th Cir. 2013). Zeedyk appealed this court's denial of the habeas petition. The Fifth Circuit denied a certificate of appealability on July 1, 2015. The Supreme Court affirmed and denied *certiorari* on January 11, 2016.

Zeedyk has shown no basis for this court to reconsider his sufficiency-of-the-evidence claim challenging the merits. Zeedyk's recent arguments do not strengthen the claim that this court and the appellate courts denied. The court will not spend scarce judicial resources revisiting these issues.

The motion for relief from judgment, (Docket Entry No. 30), is denied for the reasons previously set forth in the order entered on March 12, 2014. (Docket Entry No. 13).

SIGNED on October 21, 2016, at Houston, Texas.

Lee H. Rosenthal
United States District Judge